# CASES

## ARGUED AND DETERMINED

### IN THE

# COURTS OF APPEAL

### OF THE

# STATE OF LOUISIANA.

### No. 4.

STATE *ex rel.* LAMARQUE *v.* CITY OF NEW ORLEANS *et al.*

Pending a suspensive appeal, the rights of an appellant thus secured cannot be impaired or destroyed by subsequent proceedings in the lower court, which would, from their nature, determine the rights of parties in advance of the decision of the Appellate Court.

This Court will interfere and prohibit such proceedings.

*Application for Writ of Prohibition.*

*S. Belden,* for relator.

ROGERS, J.—On the 10th April, 1878, relator applied to the Judge of the Sixth District Court, parish of Orleans for, and obtained, a writ of injunction prohibiting the authorities of the city of New Orleans from interfering in any manner with him in carrying on his private market at No. 282 Decatur street, in this city. On the 29th of November, 1879, judgment was rendered dismissing the suit of relator, and he obtained a suspensive appeal to the Supreme Court. Under the Constitution of 1879 the cause was transferred to this Court and is still pending on appeal. Under this condition of affairs, the city of New Orleans in June, 1880, obtained a writ of injunction prohibiting relator from carrying on his private market on Decatur street, between Ursulines and Hospital streets.

There is no dispute as to the identity of the private market kept by relator, referred to by him in his suit, and the one referred to by the city in the subsequent suit.

The question pending on appeal is whether the relator has a right to carry on his private market on Decatur street, in this city. When that question is answered, necessarily the several writs of injunction must abide the result. The jurisdiction of this Court would be easily destroyed if we should grant the premises taken by the city authorities.

The writ of prohibition herein issued is made perpetual, with costs.